

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERT SAID, derivatively on behalf of Nominal Defendant BALLY TOTAL FITNESS HOLDING CORP., <br><br> Plaintiff, <br><br> v. <br><br> PAUL A. TOBACK, LEE S. HILLMAN, JOHN W. DWYER, STEPHEN C. SWID, TED NONCEK, GEOFF SCHEITLIN, MARTIN F. FRANKLIN, JOHN W. ROGERS, JAMES F. McANALLY, AUBREY C. LEWIS, GEORGE N. ARONOFF, <br><br> Defendants. | Case No. 05 C 1981 <br><br> HONORABLE CHARLES R. NORGLE |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss. The court converted this motion into a Motion for Summary Judgment. For the following reasons, Defendants' Motion for Summary Judgment is granted.

**I. BACKGROUND**

A. Facts

This case arises out of the loss in value of Defendant Bally Total Fitness Holding Corporation's ("Bally's") stock after Bally's altered its accounting practices and restated its earnings. Plaintiff Albert Said ("Said") alleges that Bally's directors restated the company's

1

earnings and the way the company accounted for expenses and income, which resulted in Bally's drop in stock price.

Specifically, on March 11, 2004, Bally's announced that it had changed its accounting methods for certain revenues due to an error detected by Bally's former accounting firm. That error required Bally's to restate its financial statements for the years 1996 through 2002. In its March 2004 press release, Bally's announced a net loss of $464 million. Then, on November 15, 2004, Bally's and its new accounting firm stated that additional errors were detected which would result in additional adjustments in Bally's financial statements. Said further alleges that Bally's conducted its own internal investigation into its accounting practices, in which Bally's determined that the company's Vice President and Controller had engaged in improper conduct. Said states that he did not make a formal demand on the board of directors prior to the initiation of this case. At the time Said filed the initial Complaint in 2005, the Board of Directors consisted of Paul Toback ("Toback"), James McAnally ("McAnally"), J. Kenneth Looloian ("Looloian"), Stephen C. Swid ("Swid"), John W. Rogers, Jr. ("Rogers"), Barry M. Deutsch ("Deutsch"), and Eric Langshur ("Langshur").

At the time Said filed his Amended Complaint, the February 2006 Board of Directors consisted of: Deutsch, Langshur, Steven Rogers ("Rogers"), Barry Elson ("Elson"), Charles Burdick ("Burdick"), and Don Kornstein ("Kornstein"). None of the February 2006 Board of Directors have been named as Defendants in this case.

## B. Procedural History

On March 5, 2005, Said filed his initial Complaint pursuant to § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. The Three-Count Complaint alleges breach of

fiduciary duty against each Director of Bally's, a claim for unjust enrichment, and a claim for disgorgement of insider trading profits. Said filed his Amended Complaint on February 27, 2006.

Then, on March 21, 2007, the court advised the parties that it intended to convert Defendants' pending Motion to Dismiss into a Motion for Summary Judgment. Defendants filed their Motion for Summary Judgment on March 13, 2007. Said filed his Response on May 11, 2007, and Defendants Replied on June 1, 2007. The Motion for Summary Judgment is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000); see also Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d

3

1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d. 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

**B. Demand Notice to Board of Directors**

The only issue in this Motion for Summary Judgment is whether a demand by Said upon the corporation would be futile. Federal Rule of Civil Procedure 23.1 requires that a plaintiff "allege with particularity the efforts, if any, made . . . to obtain the action the plaintiff desires from the directors . . . and the reasons for the plaintiff's failure . . . for not making the effort." Given "'the basic principle of corporate governance that the decisions of a corporation-including the decision to initiate litigation-should be made by the board of directors or the majority of shareholders,' most jurisdictions require a pre-suit demand be made of the corporation's board of

4

directors." In re Abbott Laboratories Derivative Shareholders Litigation, 325 F.3d 795, 803 (7th Cir. 2001).

This requirement for a shareholder demand upon the corporation is "more than a pleading requirement, it is a substantive right of the shareholder and the directors." Id. (citing Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 97 (1991)). Only when a plaintiff can establish that demand upon the corporation is futile, will the court waive the demand requirement. The "futility exception establishes the circumstances in which the shareholder is allowed to circumvent the directors' authority to manage corporate affairs." In re Abbott, 325 F.3d at 804. The decision as to "whether a shareholder should be allowed to proceed without making demand 'is based on the application of the State's futility doctrine.'" Id. (quoting Kamen, 500 U.S. at 104).

The Seventh Circuit instructs us that "to determine whether demand is futile under Illinois law, the Illinois courts have applied the standard set forth by the Delaware Supreme Court in Aronson v. Lewis, 473 A.2d 805 (Del. 1984)." In re Abbott, 325 F.3d at 806-07. Demand is excused "where the facts are alleged with particularity which create a reasonable doubt that the directors' actions were entitled to the protections of the business judgment rule." Aronson, 473 A.2d at 808 (citations omitted).

However, "'where the board that would be considering the demand did not make a business decision which is being challenged in the derivative suit,' there are three scenarios in which the Aronson test would not apply." In re Abbott, 325 F.3d at 804. These exceptions are "(1) where a business decision was made by the board of a company, but a majority of the directors making the decision have been replaced; (2) where the subject of the derivative suit is

5

not a business decision of the board; and (3) where the decision being challenged was made by the board of a different corporation." Id. (citing Rales v. Blasband, 634 A.2d 927 (Del. 1993)).

**C. Said's Claim Alleges Inaction**

*1. Aronson test does not apply*

The complaint alleges that Bally's board of directors failed to act, instead of challenging a particular business decision of the corporation. See Am. Compl., ¶¶ 45, 47. Under these circumstances, the court finds that this case fits into the second exception enumerated in Rales; i.e. "the subject of the derivative suit is not a business decision of the board." In re Abbott, 325 F.3d at 804. As a result, the court will analyze Said's claim of demand futility under the Rales test.

Under the Rales test, demand upon the board of directors is excused if the plaintiff "create[s] a reasonable doubt that, at the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to the demand." Id. at 934. If the plaintiff "satisfies this burden, demand will be excused as futile." Id.

Here, Said admits that he never made a demand upon Bally's Board of Directors, because he believed such a demand would have been futile. See Am. Compl., ¶ 21. The court notes that claims alleged in an amended complaint must be presented to the board in existence at the time of filing of the amended complaint. See Ryan v. Gifford, 918 A.2d 341, 352 (Del. 2007); Braddock v. Zimmerman, 906 A.2d 776, 786 (Del. 2007). A majority of the February 2006 board, including Burdick, Deutsch, Elson, Kornstein, Langshuer, and Rogers are not named as defendants. Delware law provides that a plaintiff concedes that unnamed Defendants are independent and disinterested directors of a corporation. See Highland Legacy, Ltd. v. Singer,

C.A. No. 1566-N, 2006 WL 741939, *4 (Del. Ch. Mar. 17, 2006). The February 2006 board of directors was capable of considering any demand made by Said. Said submits no evidence, nor cites to any specific allegations that create a reasonable doubt that any of the board of directors had breached their fiduciary duties, or had such a vested personal interested in the outcome of a decision by the board.

Additionally, Said must demonstrate that the members of the board of directors were unfaithful to their fiduciary duties to the company. See Beam v. Stewart, 845 A.2d 1040, 1049 (Del. 2004). A director is considered "interested" if "he will be materially affected, either to his benefit or detriment, by a decision of the board, in a matter not shared by the corporation and the stockholders." Seminaris v. Landa, 662 A.2d 1350, 1354 (Del. Ch. 1995) (citing Rales, 634 A.2d at 936).

Said cannot established that a majority of the 2005 board of directors were so personally interested in the outcome of a decision by the board, as to render them unfaithful to their fiduciary duties. Said makes conclusory allegations about the board of directors, without ever explaining how or why any member was interested in board decisions. Moreover, merely naming "a majority of otherwise disinterested and well motivated directors as defendants and charging them with laxity . . . will not itself satisfy the standards for permitting a shareholder to be excused from demand to override a board decision not to litigate a corporate claim." Gagliardi v. TriFoods Int'l, Inc., 683 A.2d 1049, 1055 (Del. Ch. 1996) (citing Aronson, 473 A.2d at 815).

The facts Said alleges in the complaint are vague. He claims that the directors acted disloyal by "unjustly enriching" themselves, that a demand would be futile because board members cannot be expected to sue themselves, and that certain directors were "interested" in the

board decisions. See Am. Compl., ¶¶ 21, 32, 61, 83, 84. Such boilerplate allegations of demand futility, without any specific allegations of wrongdoing, are insufficient to excuse demand. In re Abbott, 325 F.3d at 807; see Starrels v. First Nat'l Bank of Chicago, 870 F.2d 1168, 1171 (7th Cir. 1989). As a result, the court finds that Plaintiff has not shown a reasonable doubt that at the time he filed this compliant, "the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." See Rales, 634 A.2d at 935. Therefore, Defendants' Motion for Summary Judgment must be granted.

### III. CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion for Summary Judgment. IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 7-10-07